Howard T. Hogan, J.
In this tax certiorari proceeding, the respondent seeks an order striking petitioner’s note of issue for failure to comply with section 678.3 of the Rules of the Appellate Division, Second Department (22 NYCRR 678.3).
Petitioner purchased subject property on November 12, 1974, and protested the current tax year (1975/76) commencing with the tax status date May 1, 1975. On September 12, 1975, petitioner filed its note of issue together with copies of the closing statement, contract of sale, rent rolls and other material without any statement of income and expenses per se.
Respondent contends petitioner has not complied with the rule requiring that with income-producing property, a statement of income and expenses for each tax year be filed with the note of issue in order to place a tax review proceeding on the calendar.
Respondent seeks strict interpretation of the rule, one which would prevent petitioner from filing a note of issue until April 30, 1976, at which time income and expense figures for the tax year May 1, 1975, to April 30, 1976, would first become available. Respondent’s interpretation would make it impossible for any petitioner to file a note of issue in the first year of his proceeding following service of the notice and petition under article 7 of the Real Property Tax Law.
Respondent’s position is technically correct and would have merit if a trial could be had within a reasonably short period of time after the filing of a note of issue. In such state of the trial calendar, there would be insufficient time for the parties to review any income and expense data as it became available. However, our tax certiorari calendar at the present time poses a delay of a minimum of two years unless petitioners are willing to stipulate to the county’s ratio. The use of section 678.3 to further delay a petitioner from even getting on the calendar for an additional year would be the grossest injustice and would prevent expeditious review of tax assessment cases. We do not feel that a narrow or strict interpretation should be *68 placed upon the rule. The court cannot countenance such delay as would occur herein.
This is especially true, where, as here, the subject property has been recently purchased by the petitioner and all information relative to this purchase has been made available with the note of issue. Respondent has available to it sufficient remedies by way of audit or pretrial disclosure to secure additional information as it becomes available up to the date of trial and to inquire into the bona ñdes of the information already disclosed or to be disclosed.
Accordingly, the motion is denied.