■ DIANA POLLACK, Respondent, v EDWARD A. POLLACK, Appellant. — In a divorce action, the defendant husband appeals from an order of the Supreme Court, Westchester County (Kelly, J.), dated October 20, 1980, which granted plaintiff's motion, pursuant to CPLR 3217 (subd [b]), for leave to discontinue her action without prejudice. Order reversed, on the law, with $50 costs and disbursements, and plaintiff's motion is denied. Plaintiff sought leave to discontinue her action to enable her to commence a new action on the same grounds, governed by part B of section 236 of the Domestic Relations Law, which is applicable only to actions commenced on or after July 19, 1980 (see Domestic Relations Law, § 236). Therefore her motion should have been denied (see *Valladares v Valladares,* 80 AD2d 244). Cohalan, J.P., Margett, O'Connor and Thompson, JJ., concur.

■ DIANA POLLACK, Respondent, v EDWARD A. POLLACK, Appellant. — On the court's own motion, defendant's appeal from an order of the Supreme Court, Westchester County, dated January 28, 1981, dismissed. On March 9, 1981, this court ordered defendant to perfect that appeal for the September, 1981 term, but the appeal has not been perfected. Cohalan, J.P., Margett, O'Connor and Thompson, JJ., concur.

■ S&A ASSOCIATES — POUGHKEEPSIE, Respondent, v BOARD OF ASSESSORS OF THE CITY OF POUGHKEEPSIE et al., Appellants. — In a proceeding to review an assessment of certain real property, the appeal is from an order of the Supreme Court, Dutchess County (Sullivan, J.), dated June 19, 1981, which denied the appellants' motion to vacate the note of issue and certificate of readiness and strike the proceeding from the Trial Calendar. Order affirmed, without costs or disbursements. We concur with Special Term that the phrase "for each of the tax years involved" (22 NYCRR 678.3 [b]) means only that the petitioner must submit along with its note of issue a statement of income and expenses relevant to each of the assessments to be reviewed. In the instant matter, the submission of a 1980 statement was sufficient as petitioner sought review of an assessment for the tax year 1981 but with a taxable status date of May 1, 1980 (cf. *Matter of 35 North Long Beach Co. v Board of Assessors of County of Nassau,* 84 Misc 2d 66). Lazer, J.P., Rabin, Cohalan and Bracken, JJ., concur.